IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 20, 2004 Session

**SHIRLEY HALE v. ERWIN OSTROW, ROSE OSTROW, MAX OSTROW**

**Direct Appeal from the Circuit Court for Shelby County**
**No. 302252 T.D.     Rita L. Stotts, Judge**

_____

**No.  W2003-01256-COA-R3-CV - Filed July 13, 2004**
_____

**DISSENT**

Holly M. Kirby, J., dissenting.

I must respectfully dissent from the majority Opinion in this case.

I disagree first with the majority's characterization of the evidence.  The majority states that Ms. Hale "admitted" that the cause of her fall was a crumbled section of sidewalk in front of the Ostrow property.  Ms. Hale certainly contended that the crumbled sidewalk contributed to her fall, but at no point did she concede that it was the only cause.  She clearly alleged that she was forced to attempt to walk in the street because the overgrown bushes from the Ostrow property blocked the sidewalk:

Q:      . . . Describe for me what happened as you approached - - as you
were walking down Mississippi.

A.      Well, as I was walking down Mississippi, I crossed over from the bus
stop, crossed over to the right side of the street.  I was walking south.
I came upon a utility pole and a bunch of bushes coming from a lot
that had growed around the pole in which the streets on Mississippi
are very, very small.  I, in turn, noticed that the sidewalk was all
crumbled up.  As I stepped down to look over to my right because the
cars was going real fast on Mississippi Boulevard, I flipped and ended
on the side of the curb where I hit my hip, crushed my hip on a slab
of concrete that was laying on the side of the curb.

* * *

Q:      . . . What caused you to fall as you understand it?

A:      My feet had gotten tangled on the sidewalk. When I flipped, I flipped on the slab of concrete. I ended up on this slab of concrete that was by the curb. That's all I can remember.

Q:      As you were traveling south on Mississippi, was this before or after the telephone pole that you described?

A:      It was before. I couldn't get through there; so - - and the big bush was all out here. So I couldn't get through.

* * *

Q:      . . . You're saying that you couldn't fit between the telephone pole and the bushes that were on the sidewalk?

A:      I couldn't because it's like a tumbleweed that was growing around this pole. I could not get through; so I'm standing here on the sidewalk. When I looked over to watch the traffic that's coming around Mississippi real fast, I flipped from the broken - - in the concrete on the sidewalk; and when I flipped, I ended up on this concrete, the side of the sidewalk. I don't know how else to explain it.

(Depo. Pp. 26-27, 29, 30.) Thus, Ms. Hale contends that she was forced to attempt to go into the street because the bushes on the Ostrow property blocked the sidewalk. Although she noticed the crumbled sidewalk, she nonetheless tripped on it as she looked to avoid traffic before stepping into the street. Therefore, her fall was caused not only by the crumbled sidewalk but also by the bushes blocking the sidewalk.

The majority states: "At no point did [Ms. Hale] actually encounter the bushes blocking the sidewalk, nor had she even stepped into the street to avoid the bushes." Based on this, the majority concludes that the bushes blocking the sidewalk "are not the proximate cause of Plaintiff's injury because they do not constitute a 'substantial factor' in causing Plaintiff's injury." I must disagree. Ordinarily, "proximate causation is a jury question unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." *McClenahan v. Cooley*, 806 S.W.2d 767 (Tenn. 1991). Ms. Hale alleges that she was forced to look at traffic in the street only because the bushes blocked the sidewalk, and that this caused her to lose her footing and fall. Whether she had actually entered the street at the time she fell is irrelevant. A jury could find the bushes to be a "substantial factor" in causing her injury as surely as if she had been struck by a car as she entered the street. Likewise, if the majority, in asserting that Ms. Hale did not "actually encounter the bushes," means that she did not try to go

-2-

through them, this fact does not prevent the bushes blocking the sidewalk from being a "substantial factor" in causing her injury. The law expects a person in Ms. Hale's situation to exercise good sense. Had Ms. Hale tried to go through the bushes blocking the sidewalk, or had she stepped into Mississippi Boulevard without first looking for fast-approaching traffic, we would undoubtedly hold that her own negligence was the cause of her injury.

In sum, to affirm the grant of summary judgment in this case on the basis of causation is simply wrong. I would hold that there is a genuine issue of material fact on the issue of causation, and therefore I must dissent.

_____

HOLLY M. KIRBY, J.